UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FELIX ROSARIO, et al. | : | |
| | : | Civil Action No. 08-4495 (PGS) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| CITY OF NEWARK, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

Pending before this Court is Defendants City of Newark, Manuel Carillo, Wayne Pugh, Jose Ferreira, Jeanette Burgos and Robert Leonard's (collectively "Defendants") motion to disqualify Raoul Bustillo, Esq. ("Mr. Bustillo") from representing Plaintiffs Felix Rosario and Maria Elena Rosario (collectively, "Plaintiffs") in the present litigation (Docket Entry No. 41, "Motion to Disqualify"). Having considered the parties' written submissions and for the reasons set forth below, Defendants' motion is **DENIED.**

## I.      BACKGROUND

On or about September 8, 2008, Plaintiffs initiated this lawsuit alleging that Defendants violated Plaintiffs' rights under the Fourth, Eighth and Fourteenth Amendments during Plaintiff Felix Rosario's arrest on September 10, 2006.   (*See* Docket Entry No. 20, "Amended Complaint" at ¶¶ 17, 18).  Plaintiffs allege that Defendants used unnecessary and excessive force, unlawfully entered Plaintiffs' home and filed false reports and complaints about Mr. Rosario. (*Id.* at ¶ 18).  In May 2007, Plaintiffs filed a formal complaint with the Newark Police Department's Internal Affairs Bureau ("First IA Complaint").  *See* Brief in Support of Defendants' Motion to Disqualify Plaintiffs' Counsel ("Def. Brief") at 6.  Sergeant James Lopez of the Newark Police Department investigated

the allegations in the First IA Complaint and issued a report exonerating the five defendant officers. *Id.*

During the course of discovery, Mr. Bustillo deposed Sergeant Lopez and questioned the thoroughness of his investigation. *See* Def. Brief, Exhibit A, Deposition Transcript Pages 110 to 115. Mr. Bustillo pointed out his concerns about the investigation and asked Sergeant Lopez what he planned to do with the information. *Id.* at 110:9 to 14; 111:8 to 10. In response, Sergeant Lopez answered "If you want, I will take your complaint." *Id.* at 111:14. After some discussion between Sergeant Lopez, Mr. Lipshutz (Sergeant Lopez's attorney) and Mr. Bustillo, Sergeant Lopez agreed to "take [Mr. Bustillo's] complaint and [] take him to the Office of Internal Affairs." *Id.* at 114:2 to 3. Based on this exchange, on June 7, 2010, Defendants claim that Sergeant Lopez forwarded the complaint to Internal Affairs citing Mr. Bustillo as the involved citizen ("Second IA Complaint"). *See* Def. Brief at 8. Defendants also contend that Lieutenant Adolph Vasquez is investigating the Second IA Complaint which contains the allegations set forth by Mr. Bustillo during Sergeant Lopez's deposition.

## II. ANALYSIS

Pursuant to Local Civil Rule 103.1(a), the United States District Court for New Jersey has adopted New Jersey law to address questions of professional ethics. Thus, the New Jersey Rules of Professional Conduct govern the present motion to disqualify. In New Jersey, motions to disqualify are viewed with disfavor because disqualification is a drastic remedy with broad repercussions. *Carlyle Towers Condominium Ass'n v. Crossland Sav.*, 944 F. Supp. 341, 345 (D.N.J. 1996). Therefore, as many courts have recognized, the balancing of the need to maintain ethical standards against a client's right to choose the legal representation of his or her choice is one that requires a

-2-

fact-intensive analysis and careful application of the law. *Steel v. Gen. Motors Corp.*, 912 F. Supp. 724, 733 (D.N.J. 1995). Given its drastic nature, a party seeking disqualification must meet a high standard of proof. *Rohm & Haas Co. v. Am. Cyanamid Co.*, 187 F. Supp. 2d 221, 226-27 (D.N.J. 2001). But in the end, any doubt as to the propriety of an attorney's representation of a client must be resolved in favor of disqualification. *Steel*, 912 F. Supp. at 733.

Here, Defendants argue that Mr. Bustillo's request to file the Second IA Complaint during Sergeant Lopez's deposition renders him a necessary fact witness as defined in New Jersey's Rules of Professional Conduct ("RPC") 3.7. Defendants claim that Mr. Bustillo's motivation and intention in filing the Second IA Complaint and his credibility are "fundamentally now at play." Def. Brief at 20. Therefore, Defendants seek to disqualify Mr. Bustillo from his continued representation of Plaintiffs. In opposition, Mr. Bustillo claims that he did not file an internal affairs complaint and therefore he is not a necessary fact witness. Plaintiffs' Letter Brief ("Pl. Brief") at 2 to 3. Mr. Bustillo also argues that he does not have firsthand knowledge of the events underlying the claims in this litigation and thus could not be called as a witness at trial. *Id.* at 2. Finally, Mr. Bustillo requests permission to file a motion for sanctions against defense counsel for filing the instant motion.

RPC 3.7 provides that:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in a case; or (3) disqualification of the lawyer would work substantial hardship of the client.

The parties dispute whether Mr. Bustillo actually filed a formal internal affairs complaint. The Court

does not pass on that issue as it is not dispositive of this motion.[1]  As such, assuming that the Second IA Complaint is a formal complaint filed by Mr. Bustillo, the Court does not find that it merits Mr. Bustillo's disqualification.

Defendants have not met the high burden to support disqualification.  Although Defendants discuss how Mr. Bustillo's testimony will be confusing to a jury and potentially in conflict with his ethical obligations to Plaintiffs, Defendants have not articulated the subject matter Mr. Bustillo could testify about or what relevant knowledge outside of the attorney client relationship he maintains. Defendants' sole statement that they will be forced to call Mr. Bustillo as a fact witness is belied by their inability to elaborate the subject matter of his testimony and how it relates to any contested issue. The Court cannot ascertain how Mr. Bustillo's motivations, intent and credibility are relevant issues that require his testimony.

In fact, Defendants concede that the "allegations [in the First and Second IA Complaints] all fundamentally derive from the same core set of facts." Def. Brief at 14.  The Second IA Complaint focuses on discrepancies Mr. Bustillo uncovered while investigating Plaintiffs' case. *Id.* at 15.  The parties do not dispute, however, that Mr. Bustillo did not directly witness any of the alleged discrepancies raised in the Second IA Complaint.  Moreover, Mr. Bustillo has provided the Court with direct sources of information pertaining to the alleged discrepancies in Sergeant Lopez's investigation, such as documents and witnesses with firsthand knowledge who can testify about the issues raised in the Second IA Complaint.  Therefore, the Court finds that Defendants have not met

---

[1] The Court cautions Mr. Bustillo to proceed carefully as he advocates for Plaintiffs. While the Court does not find that Mr. Bustillo has rendered himself a necessary fact witness, in the future Mr. Bustillo should avoid any further involvement in the underlying internal affairs complaints.

their burden to demonstrate that Mr. Bustillo is a necessary witness as defined in RPC 3.7.

Case law supports the high burden placed upon Defendants to succeed in such an extreme motion. *See FMC Corp. v. Guthery*, Civil Action No. 07-5409, 2009 WL 485280, at *3 (D.N.J. Feb. 25, 2009) (noting the movant's heavy burden in disqualification motions). Moreover, Defendants have not cited any relevant case law to support Mr. Bustillo's disqualification other than *Lange v. Orleans Levee Distr.*, Civil Action No. 97-987, 1997 U.S. Dist. LEXIS 14219 (E.D. La. Oct. 23, 1997), a distinguishable case from the Eastern District of Louisiana. In *Lange,* the plaintiff's attorney was involved in and orchestrated some of the events which formed the basis of the complaint. *Id.* at * 10. There, the attorney's motivations were relevant to issues a jury would decide; whereas here, the Court cannot see the relevance of Mr. Bustillo's intentions and motivations. Furthermore, there is no evidence that Mr. Bustillo was involved with or witnessed any of the events about which Plaintiffs' complain. In fact, courts typically disqualify an attorney only where the attorney has personal knowledge of a material disputed fact. *See*, *e.g., Nat'l Sec. Sys., Inc. v. Iola*, Civil Action No. 00-6293, 2009 WL 3756897, at *5 (D.N.J. Nov. 6, 2009) (disqualifying attorney who negotiated and signed the contract at issue in the litigation); *Freeman v. Vicchiarelli*, 827 F. Supp. 300, 303 (D.N.J. 1993) (disqualifying attorney where he was the only possible witness for the plaintiff and the attorney's testimony would be the primary evidence in the case).

Finally, this case has been pending for over three years. Mr. Bustillo has been the attorney of record since the inception of this suit. While neither party has made arguments that Mr. Bustillo's disqualification "would work substantial hardship of the client" (*see* RPC 3.7(3)), in light of the procedural posture  and the sensitive nature of the facts underlying the claims, the Court is particularly hesitant to consider Mr. Bustillo's disqualification.   Between this and Defendants'

failure to articulate any relevant, contested facts about which Mr. Bustillo would testify, Defendants'

motion is denied.

## III.     CONCLUSION

Attorney disqualification is a disfavored remedy and the corresponding burden of proof is

high.  While any doubts are to be resolved in favor of disqualification, Defendants have fallen short

of meeting its initial burden of proof.  Thus, this Court finds that Mr. Bustillo has not rendered

himself a necessary fact witness to this litigation.  Accordingly, Defendants' motion to disqualify

Mr. Bustillo is **DENIED.**  Mr. Bustillo's request to file a motion for sanctions is also hereby

**DENIED**.  The Court does not believe that Plaintiffs' actions merit sanctions and believe such a

motion would be an inefficient use of the Court's resources.

**SO ORDERED.**

/s/ Esther Salas
**Esther Salas**
**UNITED STATES MAGISTRATE JUDGE**